No. 25-10500-C

# In the United States Court of Appeals for the Eleventh Circuit

———————————————

Stefan Passantino,

*Appellant*

v.

United States of America,

*Appellee*

———————————————

On Appeal from the United States District Court
for the Northern District of Georgia
District Court Case Number 4:23-cv-00300-ELR

———————————————

## APPELLANT STEFAN PASSANTINO'S REPLY BRIEF

———————————————

Jesse R. Binnall
Jared J. Roberts
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jared@binnall.com

Bryan P. Tyson
CLARK HILL PLC
3630 Peachtree Road NE,
Suite 550
Atlanta, Georgia 30326
Tel: 678-370-4377
btyson@clarkhill.com

**COUNSEL FOR APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Ben-David, Neeli

Binnall, Jesse R.

Buchanan, Ryan

Clark Hill PLC

Jackson, A. Jonathan

Mendel, Gabriel A.

Moultrie, Jr., Richard S.

Passantino, Stefan

Roberts, Jared J.

Ross, Eleanor L., Honorable

Sandoval, Andres H.

Tyson, Bryan P.

United States of America

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
　　DISCLOSURE STATEMENT ...........................................................i

TABLE OF CONTENTS ........................................................................ii

TABLE OF CITATIONS .................................................................. iii

ARGUMENT ...................................................................................... 1

　　I.　　There was no good cause to set aside default and allow
　　　　　Appellee to file an out-of-time Answer. ............................... 1

　　II.　　The district court erred in granting the Appellee's Motion
　　　　　for Judgment on the Pleadings. ........................................... 4

　　　　a.　The district court erred in finding that 28 U.S.C.
　　　　　　§ 2680(h) bars Mr. Passantino's claims. ........................ 4
　　　　b.　The district court erred in finding that Mr. Passantino
　　　　　　failed to state a claim.................................................... 9

CERTIFICATE OF COMPLIANCE...................................................... 14

CERTIFICATE OF SERVICE............................................................. 15

# TABLE OF CITATIONS

## Cases

*Annon Consulting, Inc. v. BioNitrogen Holdings Corp.,*

650 Fed. Appx. 729, 732 (11th Cir. 2016) ............................................2, 3

*Autery v. United States,*

992 F.2d 1523, 1526 n.6 (11th Cir. 1993) ...............................................6

*Bunch v. United States,*

880 F.3d 938, 942 (7th Cir. 2018) ..........................................................5

*Cadman v. United States,*

541 F. App'x 911, 914 (11th Cir. 2013) .................................................7

*Friedman v. Schiano,*

777 Fed. Appx. 324, 336 (11th Cir. 2019) ..............................................4

*Goble v. Ward,*

628 Fed. App'x 692, 699 (11th Cir. 2015) ..............................................8

*Horsaley v. Feldt,*

304 F.3d 1125, 1131 (11th Cir. 2002) ....................................................9

*O'Ferrell v. United States,*

253 F.3d 1257, 1265-66 (11th Cir. 2001) ...............................................7

iii

*Prescott v. United States,*

    973 F.2d 696, 702 (9th Cir.1992) ........................................................5

*S.R.P. ex rel. Abunabba v. United States,*

    676 F.3d 329, 333 n.2 (3d Cir. 2012) ...................................................5

*Savoia-McHugh v. Glass,*

    95 F.4th 1337, 1344 (11th Cir. 2024) ...............................................3, 4

*Vassiliades v. Garfinckel's, Brooks Bros.,*

    492 A.2d 580, 588 (D.C. 1985) .........................................................10

## Other Authorities

*Interim Report on the Failures and Politicization of the January 6th Select Committee*, U.S. HOUSE ADMINISTRATION SUBCOMMITTEE ON OVERSIGHT (Dec. 17, 2024), https://cha.house.gov/_cache/files/6/d/6dae7b82-7683-4f56-a177-ba98695e600d/145DD5A70E967DEEC1F511764D3E6FA1.finalinterim-report.pdf .......................................................................................10

## Rules

FED. R. CIV. P. 55 .................................................................................1

FED. R. CIV. P. 6 ...................................................................................1

iv

## ARGUMENT

### I.    There was no good cause to set aside default and allow Appellee to file an out-of-time Answer.

Mr. Passantino maintains that while Federal Rule of Civil Procedure 55 grants courts discretion to set aside an entry of default for good cause, whether a defendant is then allowed to file an out-of-time answer is still governed by Federal Rule of Civil Procedure 6, which requires excusable neglect. Accordingly, the analysis for each motion must go hand-in-hand, applying both tests. But even if the sole test is for good cause, the district court still abused its discretion.

Rather than seriously counter any of Mr. Passantino's arguments that Appellee did not act with good cause, Appellee simply regurgitates the district court's findings, arguing they were permissible. The arguments raised in Mr. Passantino's Opening Brief, however, establish that this is far from true. Opening Br. at 21–28. Specifically, Appellee acted willfully. It had an entire year to weigh Mr. Passantino's claims, but then filed its first motion to extend only hours after making its *first attempt at contact* following this year-long period. And even then, its only real excuse was that its legal counsel was too busy to finish the brief in

time. Furthermore, this delay prejudiced Mr. Passantino. While the district court characterized the delay as just a two-week period, Appellee ignored Mr. Passantino's claim for months, after it deliberately tried to destroy his career. The unnecessary and inexcusable delay in clearing Mr. Passantino's name is, therefore, prejudicial. Appellee is not entitled to preferential treatment on the basis that it is the government. Finally, as previously briefed and addressed, *infra.*, Appellee's weak position procedurally is compounded by substantive legal arguments that lack merit. On balance, any finding to the contrary is erroneous.

This Circuit has frequently found that a defendant fails to present good cause when it simply ignores its duties and attempts to shirk responsibility for compliance with court proceedings. The rules of practice and procedure are not suggestions. Violating them has consequences that must be enforced. In *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, the defendant was aware of the litigation but did not file an answer due to litigation strategy during ongoing settlement discussions. 650 Fed. Appx. 729, 732 (11th Cir. 2016). Therefore, this Court concluded that the defendant's failure to file an answer was willful. *Id.* Accordingly, because of the defendant's willfulness and failure to present a meritorious

2

defense, and "because [the plaintiff] would likely suffer prejudice as a result of the defaults being set aside," there was no good cause. *Id*. Here, Appellee knows that it has no valid excuse for its failure to file an answer. In addition to the prejudice Mr. Passantino would face, and that Appellee has no meritorious defenses, good cause does not exist to support Appellee's position, similar to *Annon*.

And in *Savoia-McHugh v. Glass*, after being served with the litigation, the defendant did not file a responsive pleading or otherwise engage in the litigation for fifteen months. 95 F.4th 1337, 1344 (11th Cir. 2024). The defendant then argued his conduct was not willful because he engaged in the litigation two weeks after receiving a court order on a motion to compel discovery responses that the plaintiff also served, and he was confused about his responsibilities until that order. *Id*. The court found this was insufficient by virtue of the delay and that the defendant received the legal filings. *Id*. at 1344–45. Likewise, here, Mr. Passantino filed his FTCA claim, waited the requisite six months before filing in court, during this time he received no response from the government. Even after filing this suit, Appellee still failed to take any action until the

day its answer was due. Appellee's delay, as was the case in *Glass*, was *months*, not merely weeks.

To set aside default, in light of Appellee's "hollow claim[s]," "would be to reward them for failure to adhere to their obligations." *Friedman v. Schiano*, 777 Fed. Appx. 324, 336 (11th Cir. 2019). Accordingly, the district court abused its discretion in finding good cause to set aside Appellee's default and allow it to file an out-of-time answer. In light of the district court's abuse of discretion and Mr. Passantino's formidable legal position, the district court erred by denying Mr. Passantino's motion for default judgment.

II.    **The district court erred in granting the Appellee's Motion for Judgment on the Pleadings.**

a.    **The district court erred in finding that 28 U.S.C. § 2680(h) bars Mr. Passantino's claims.**

Appellee argues that the district court was permitted to, *sua sponte*, dismiss Mr. Passantino's Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2680(h), without even considering its answer. Appellee's Br. at 22–23. This ignores, however, that many circuits consider the FTCA waiver exceptions to be an affirmative defense that the government is required to raise. *See Bunch v. United States*, 880 F.3d

4

938, 942 (7th Cir. 2018) ("Our reason for treating the FTCA exceptions as affirmative defenses is straightforward."); *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333 n.2 (3d Cir. 2012) ("Although the discretionary function exception is jurisdictional on its face, it is analogous to an affirmative defense."); *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir.1992) ("Because an exception to the FTCA's general waiver of immunity, although jurisdictional on its face, is analogous to an affirmative defense, we believe the Sixth and Seventh Circuits correctly placed the burden on the United States as the party which benefits from the defense."). The reasoning for this position is straightforward:

> Assigning the burden to the plaintiff would not simply shift the outcome in favor of the United States in a close case. It would also foist on the plaintiff the need to include allegations in her complaint designed to prove a raft of negatives—i.e., that each exception does not apply—and then to prove each of these negatives as part of her case-in-chief. Such a system, we said, would "border on the preposterous," forcing plaintiffs to prove countless negatives without any indication that the exceptions were even in play.

*Bunch*, 880 F.3d at 942 (internal citations omitted). Previously, this Court considered the question of whether the FTCA exceptions are akin

5

to affirmative defenses, but declined to answer the question. *See Autery v. United States*, 992 F.2d 1523, 1526 n.6 (11th Cir. 1993).

Here, as discussed in Mr. Passantino's Opening Brief, Appellee did not have a valid answer on file. Opening Br. at 30–34. Therefore, the pleadings did not close, and it was an error for the district court to consider Appellee's motion for judgment on the pleadings without a valid answer. Because it was improper even to *consider* Appellee's motion, it was even worse error to *grant* Appellee's motion, in part, on the grounds that it lacked subject matter jurisdiction pursuant to the FTCA's exceptions. Appellee had a duty to prove its immunity defense; however, it did not do so in any valid motion to dismiss or for judgment on the pleadings.

Regardless, even if it were proper for the district court to consider whether Mr. Passantino's claims are barred under § 2680(h), that section is inapplicable to the facts of this case. Appellee argues that Mr. Passantino's claims are barred because they arise from libel or slander. Appellee's Br. at 21–30. This expansive interpretation of § 2680(h), however, ignores the statute's limited text, which exempts only claims arising out of specifically enumerated torts, and fails to account for the

6

distinct elements of an invasion of privacy claim. While Appellee very likely defamed Mr. Passantino, that does not negate, or otherwise supersede, that it also committed an invasion of privacy by disseminating his personal nonpublic information within Congress's possession, which Congress conspired to give to CNN. Both can be, and in fact are, concurrently true.

Appellee attempts to liken this case to three cases, each of which is inapposite. Appellee's Br. at 26, 27, 31. First, in *O'Ferrell*, the harm to the plaintiffs was solely the result of the release of false information relating to them being suspects in a crime, not the release of private information. *O'Ferrell v. United States*, 253 F.3d 1257, 1265-66 (11th Cir. 2001). Here, this case is patently different in that the harm regarding which Mr. Passantino complains stems not from the falsity of the statements, but from the release of information that was private. *O'Ferrell* was, in substance, a defamation case—but this one is not

Second, Appellee cites *Cadman v. United States*, 541 F. App'x 911, 914 (11th Cir. 2013). As explained in Mr. Passantino's Opening Brief, however, *Cadman* is not instructive because there was no discussion regarding the release of private information. Rather, the plaintiff there

merely attempted to argue that the statement was not defamation because the information was not false. Opening Brief at 36–37. Here, Mr. Passantino's harm stems from the release of private information, not defamatory remarks, regardless of whether they were true or false.

Third, Defendant relies on *Goble v. Ward*, 628 Fed. App'x 692, 699 (11th Cir. 2015). In *Goble*, the plaintiff's claim for civil conspiracy was barred because it relied on the same facts as the negligent misrepresentation claim, which was likewise barred. *Id.* at 698–99. Here, Mr. Passantino's conspiracy claim stems from his invasion of privacy claim, which, as discussed, is not barred.

Appellee's attempt to subsume all publication-based privacy claims under the libel/slander exception would render the statute's specific enumerations meaningless, effectively barring any FTCA claim involving communication—a result Congress most definitely did not intend. Accordingly, the district court erred in finding that Mr. Passantino's claims are based in defamation and are barred.

b.    The district court erred in finding that Mr. Passantino failed to state a claim.

Because Appellee did not have a valid answer on file, it was, thus, improper for the district court to consider Appellee's motion for judgment on the pleadings, and as a result, the district court erred in making any findings as to whether Mr. Passantino stated a claim. Regardless, Mr. Passantino's Complaint satisfies the pleading standards and is able to prove facts in support of his claims that would entitle him to relief. *See Horsaley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

### 1.    *Invasion of Privacy*

Contrary to Appellee's argument that Mr. Passantino did not sufficiently plead any "privacy facts," Appellee's Br. at 32–35, the Complaint specifies that the Select Committee disclosed confidential attorney-client privileged exchanges and personal professional details, neither previously disseminated widely, nor made accessible to the general public. App. at 23–26, ¶¶ 56–70. This satisfies the pleading standard. Appellee essentially argues that because these private facts were communicated to the House Select Committee before being disseminated to the public, and involved a high-profile investigation, they were not private. That is not so. Merely because a third party is

involved, or there is some publicity involved, does not inherently transform private facts into public facts. *See Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 588 (D.C. 1985) (holding that before and after photographs from a cosmetic surgery on a public figure were entitled to privacy).

Additionally, an Interim Report issued by the United States House of Representatives Committee on House Administration dated December 17, 2024, titled, "The Failures and Politicization of the January 6th Select Committee" (the "Interim Report")—of which the district court took judicial notice for its existence, App. at 131–134—provides support for Mr. Passantino's claim that the Select Committee leaked private facts.[1] Specifically, the Interim Report notes:

> The Subcommittee has reason to believe that the Select Committee coordinated with the Washington, D.C. Bar Association to file an ethics complaint against Passantino. The Select Committee did this by using the content of its *not-yet-public report* to accuse Passantino of instructing Hutchinson to lie to congressional investigators, *sharing*

---

[1] *See Interim Report on the Failures and Politicization of the January 6th Select Committee*, U.S. HOUSE ADMINISTRATION SUBCOMMITTEE ON OVERSIGHT (Dec. 17, 2024), https://cha.house.gov/_cache/files/6/d/6dae7b82-7683-4f56-a177-ba98695e600d/145DD5A70E967DEEC1F511764D3E6FA1.finalinterim-report.pdf.

10

*information about her testimony with the press over her objections*, sharing information about her testimony with other attorneys, and not disclosing who was paying the bill for her representation. This complaint, reviewed by the Subcommittee, was finalized by the D.C. Bar and sent to Passantino the same day the Select Committee's nearly 900-page report was published.

Interim Report at 48 (emphasis added).

Next, Appellee also errs in asserting a legitimate public concern in these disclosures. Appellee's Br. 35-36. The Complaint plausibly alleges that the released details extended beyond the January 6 events and investigation into purely private attorney-witness dynamics, such as confidential advice and personal interactions not essential to public understanding of the investigation. Appellee's cited cases involve inherently public events, not private communications at issue here; the complaint's allegations permit an inference that the disclosures served no legitimate public purpose beyond sensationalism.

Finally, Mr. Passantino plausibly alleged the offensiveness element: revealing private information about an attorney-client relationship would reasonably cause emotional distress to an attorney of ordinary sensibilities. That some of the information released may have been helpful to Mr. Passantino, as Appellee argues, Appellee's Br. at 37–

11

38, does not change the fact that breaches of attorney-client confidentiality undermine core professional ethics, readily meeting the test for offensiveness. Accordingly, viewing the pleadings in the light most favorable to Mr. Passantino, he sufficiently pled a claim for invasion of privacy.

### 2. Civil Conspiracy.

Appellee argues that Mr. Passantino's Complaint "fails to allege specific facts sufficient to establish an agreement between the Committee and a co-conspirator." Appellee's Br. at 39. To the contrary, as discussed in Mr. Passantino's Opening Brief, Mr. Passantino alleges that Appellee had an agreement with unknown co-conspirators and media companies to disseminate private information and harm Mr. Passantino. Opening Br. at 46. Accordingly, viewing the pleadings in the light most favorable to Mr. Passantino, he sufficiently pled a claim for civil conspiracy.

Dated: December 2, 2025

Respectfully, submitted

/s/    Jesse R. Binnall
Jesse R. Binnall
Jared J. Roberts
BINNALL LAW GROUP
717 King Street, Suite 200

12

Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jared@binnall.com

Bryan P. Tyson
CLARK HILL PLC
3630 Peachtree Road NE
Suite 700
Atlanta, Georgia 30326
Phone: 678-370-4377
btyson@clarkhill.com

*Counsel for Appellant*
*Stefan Passantino*

13

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this Petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i), as well as 11th Cir. R. 32-4, excluding the parts of the Petition exempted by Federal Rule of Appellate Procedure 32(f), it contains 2,311 words.

Undersigned counsel certifies that this Petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated: December 2, 2025                 Respectfully submitted,

                                        /s/    Jesse R. Binnall
                                        Jesse R. Binnall

                                        Counsel for Appellant
                                        Stefan Passantino

## CERTIFICATE OF SERVICE

I certify that on December 2, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/    *Jesse R. Binnall*
Jesse R. Binnall

*Counsel for Appellant*
*Stefan Passantino*